# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 10-786V
April 3, 2013

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
JOANNA EISLER,                              *
                                            *
                   Petitioner,              *
                                            *
       v.                                   *
                                            *
                                            *
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
                   Respondent.              *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER ON REMAND

On November 13, 2010, petitioner filed a petition under the National Childhood Vaccine

Injury Act, 42 U.S.C. § 300aa-10-34, alleging that influenza vaccine caused her transverse

myelitis (TM). The case never went to hearing and no entitlement ruling issued because the

parties settled the case, resulting in a damages decision the undersigned issued on November 5,

2012. The only information personal to petitioner in the damages decision is her name, her

condition (TM), the vaccination (influenza), and the amount of the damages award

($260,000.00).

On November 19, 2013, petitioner filed a Motion for Redaction, asking that her name be

redacted to her initials because the damages decision lets the public know she settled her case for

$260,000.00 and that she has TM. Mot. at 1. Although the decision is not published, it is posted

on the Court's website. Petitioner recognizes that "such information is routinely made public" pursuant to 42 U.S.C. § 300aa-12(d)(4), but she alleged she "has two legitimate privacy concerns that support her request that her name be redacted … and replaced by her initials." Mot. at 2. Her first concern was that her estranged father might do something upsetting to her if he learned of her damages award and her TM. Id. Her second concern was that, since her husband is a police officer, if he arrested someone in the future who learned of "her background … and of her settlement award, this may be incentive for her and/or her family to be pursued by said individual." Id. Petitioner concludes that publication of her name, instead of her initials, "constitutes a clearly unwarranted invasion of her privacy that outweighs the lack of public interest in the disclosure of her name…." Id. Petitioner relies on the Honorable Charles F. Lettow's decision in W.C. v. Secretary of Health and Human Services, No. 07-456V, 100 Fed. Cl. 440 (2011), reversing the special master's decision not to redact his decision dismissing the case, and thus redacting petitioner's name to his initials (although affirming the dismissal).

Judge Lettow's decision examines in depth the legislative history of the Vaccine Act with its emphasis on compensating persons injured by vaccines and widening public knowledge about adverse vaccine reactions. 100 Fed. Cl. at 460. He analogized a petitioner's concern over the release of his or her identity under the Vaccine Act with similar concerns under FOIA, whereas civil actions generally do not reflect this kind of privacy concern. Id. at 458-60. He stated in disagreeing with the special master's analysis of the redaction issue in W.C. that the "special master's analogy to the public's right to access to judicial files is inapposite to petitions filed and decisions rendered under the Vaccine Act." Id. at 460. In addition, Judge Lettow found petitioner had a rational concern "that disclosure of his identity would have potential adverse consequences to his ability to perform his assigned work responsibilities" because

2

W.C.'s multiple sclerosis might make his credibility as a witness in his line of work subject to attack.  Id. at 461.

On December 6, 2012, respondent in the instant action filed an opposition to petitioner's Motion to Redact, stating that petitioner's privacy concerns were highly speculative as compared to W.C.'s professional concerns if his name were revealed.  Resp. at 2-3.

On December 14, 2012, petitioner filed her Reply to respondent's Response reiterating her concerns about the release of her name.

On January 11, 2013, the undersigned issued an Order denying petitioner's Motion for Redaction, finding her concern that disclosure of her name was a clearly unwarranted invasion of her privacy to be speculative and not reaching the level of concern that W.C. had about the impact on his job if his medical condition were publicly connected to him.

On February 1, 2013, petitioner filed a Motion for Reconsideration, stating that although her fears of trouble with her father and harassment from someone her husband had arrested had not come to pass, petitioner did have a telephone call on her unlisted phone number from a total stranger who wanted to discuss her damages award.  Petitioner considers this unwelcome stranger's phone call on her private line new evidence in support of her Motion for Redaction.  Mot. for Reconsideration at 5, 7.

On February 5, 2013, respondent responded in opposition to petitioner's Motion for Reconsideration, stating the undersigned's Order does not disclose petitioner's unlisted phone number or other personal contact information.  Resp. to Mot. for Reconsideration at 1.

On February 11, 2013, petitioner filed a 20-page Motion for Review, under the misconception that the undersigned's Order of January 11, 2013 was a decision and, therefore,

judgment would enter unless she appealed within 30 days of its issuance.  But since this was an Order, the Clerk of Court would not have entered judgment on the Order.  Judgments are entered only on decisions.  Vaccine Rule 11 states:

> In the absence of a motion for review under Vaccine Rule 23, the clerk will enter judgment 30 days after either the filing of the special master's decision under Vaccine Rule 10 or the entry of an order of dismissal under Vaccine Rule 21(b).

Vaccine Rule 10(a) states:

> Pursuant to 42 U.S.C. § 300aa-12(d)(3)(A), the special master will issue a decision on the petition with respect to whether an award of compensation is to be made and, if so, the amount thereof.

Vaccine Rule 21(b)(a) states:

> The special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.

In issuing the Order of January 11, 2013 denying petitioner's Motion for Redaction, the undersigned was not issuing a decision on petitioner's petition regarding entitlement or damages. The undersigned had already issued a decision on damages on November 5, 2012.  Judgment entered on that decision on December 7, 2012.  In addition, in issuing the Order on January 11, 2013 denying petitioner's Motion for Redaction, the undersigned was not issuing a dismissal of petitioner's petition based on a failure to prosecute or comply with the Vaccine Rules or with any order the undersigned had given.  Therefore, no judgment would have entered on the undersigned's Order of January 11, 2013 denying petitioner's Motion for Redaction. Nonetheless, petitioner, misconstruing the Vaccine Rules and under the misconception that the undersigned's Order of January 11, 2013 was a decision and not an Order, moved for review.

On February 11, 2013, petitioner's appeal of the undersigned's Order of January 1, 2013 was assigned to the Honorable Susan G. Braden.

4

On February 12, 2013, petitioner filed her Reply to respondent's Response to her Motion for Reconsideration.  She states that if only the undersigned had redacted her name to her initials, she would not have suffered the invasion of her privacy when the stranger phoned her on her unlisted line to discuss her damages settlement.  Because petitioner had appealed the undersigned's Order of January 11, 2013 and it was assigned to a judge, the undersigned no longer had jurisdiction over petitioner's Motion for Reconsideration and could no longer act on it.

On March 4, 2013, Judge Braden issued an Order remanding the case back to the undersigned to rule on petitioner's Motion for Reconsideration.

## DISCUSSION

The undersigned finds persuasive Judge Lettow's analysis in W.C. where he weighed and contrasted the normal civil action emphasis on the disclosure of a party's identity with the Vaccine Act's and FOIA's emphasis on protection of the same.  The undersigned reconsiders her prior Order of January 11, 2013 and regards petitioner's fright concerning the unwelcome telephone contact as sufficiently impressive so as to justify redacting her name to her initials. The release of the diagnosis of her illness, the type of vaccine she received, and the amount of her damages award is of more interest in serving the purposes of the Vaccine Act than the release of her name.  This is a sufficient showing of harm to warrant redaction.

The undersigned **ORDERS** the Clerk of Court to remove the undersigned's Order of January 11, 2013 from the court's website, and further **ORDERS** the Clerk of Court to remove from the court's website the damages decision of November 5, 2012 (with the stipulation

attached) and replace it with the attached redacted damages decision containing petitioner's initials (with the redacted stipulation attached).

**IT IS SO ORDERED.**

Dated: <u>April 3, 2013</u>                                    <u>        s/Laura D. Millman        </u>
                                                                    Laura D. Millman
                                                                    Special Master